**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRANDON D MARTINEZ MARTINEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**PAM BONDI, et al.,**<br><br>**Respondents.** | **Civil Action No. 25-17572 (MCA)**<br><br>**ORDER** |

This matter comes before the Court on Petitioner Brandon de Jesus Martinez-Martinez's motion to enforce the Court's Order directing Respondents to provide him with an individualized bond hearing under 8 U.S.C. § 1226(a). For the reasons explained in this Memorandum and Order, this Court grants the motion to enforce and directs Respondents to release Petitioner within 24 hours.

The following facts appear undisputed. Petitioner is a citizen of Guatemala and entered the United States on or about April 28, 2023, when he was 17 years old. (ECF No. 11-3, Decl. of Anayancy R. Housman at ¶¶ 5-10.) Immigration officials apprehended him and determined that he qualified as an Unaccompanied Alien Child and transferred him to the custody of the Office of Refugee Resettlement. (*Id.*) After review by the Department of Health and Human Services, he was released from federal custody to an approved sponsor, his maternal aunt, pursuant to federal child-protection procedures applicable to minors. (*Id.*)

Petitioner continuously resided with his aunt in New Jersey. (*Id.*) On May 30, 2024, the Camden County Family Court issued custody and special findings supporting Special Immigrant Juvenile ("SIJ") classification. Based on those findings, Petitioner filed a Form I-360 petition for

SIJ status, which U.S. Citizenship and Immigration Services ("USCIS") approved on October 15, 2024.[1] (*Id.*; *see also* ECF No. 1, Petition ¶¶ 16-17; Exhibits A-B.)

The record before the Court also indicates that Petitioner has no criminal record whatsoever; it also appears undisputed that he attended and graduated from high school, maintained employment, and planned to attend college. (Housman Decl. at ¶¶ 7, 13-14.) Nevertheless, Petitioner was arrested by Immigration and Custom Enforcement on November 11, 2025, and detained without bond under 8 U.S.C. § 1225(b)(2).

The record reflects that Petitioner was ordered removed, but has appealed his removal order to the Board of Immigration Appeals. (ECF No. 11-8, Bond Hearing Tr. at 3-4.)

On November 14, 2025, he filed a habeas petition under 8 U.S.C. § 2241 challenging the legality of his detention under 8 U.S.C. § 1225(b)(2). (ECF No. 1.) On December 9, 2025, Respondents filed a letter response (ECF No. 3), stipulating to the relevant facts alleged in the Petition and acknowledging that they rely on the statutory interpretation set forth in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025), which was rejected by this Court in *Vasquez Lucero v. Soto*, et al, No. 25-16737-MCA, 2025 WL 3240895 (D.N.J. Nov. 20, 2025); *see also Rivera Zumba v. Bondi*, Civ. No. 25-CV-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025). The Court granted the Petition for the same reasons stated in *Vasquez Lucero* and ordered a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Court closed the matter following Respondents' status update letter, which reported that the bond hearing occurred on December 23, 2025, and the Immigration Judge ("IJ") denied bond. (ECF Nos. 6-7.) Petitioner subsequently filed a motion to enforce, arguing that he was

---

[1] *See e.g., Osorio-Martinez v. Attorney General United States of America*, 893 F.3d 153, 168-172 (3d Cir. 2018) (discussing SIJ status).

denied due process in the bond proceeding. (ECF No. 11.) Respondents filed a response, arguing that Petitioner's bond hearing was adequate. (ECF No. 12.)

The Third Circuit has recognized that 8 U.S.C. § 1226(e) does not deprive federal courts of jurisdiction to address due process challenges to bond hearings. Under that provision, Courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and "are limited to reviewing only . . . challenges that pertain to the adequacy of process [petitioner] received at [her] bond hearing." *Quinteros v. Warden Pike Cnty. Correctional Facility*, 784 F. App'x 75, 78 (3d Cir. 2019). Therefore, the Court has jurisdiction to determine whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, Civ. A. No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Id*. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

The Court has reviewed the transcript of the bond hearing proceeding and finds that Petitioner did not receive a constitutionally adequate bond hearing or an individualized determination of his interests. From the outset, the Department of Homeland Security Attorney notes that "this hearing was added at the last second," and this Court questions how the Immigration Court had the ability to give "careful consideration" to the evidence (ECF No. 11-4 at 4) prior to issuing a decision.[2] Indeed, it appears that the IJ found Petitioner to be an automatic

[2] Petitioner's immigration counsel has provided a Declaration averring that she witnessed the IJ deny bond in all but two of the 32 bond hearings held that day; counsel also averred that on many occasions, the IJ stated that she had "carefully reviewed" the bond packet that she had just received

flight risk because he has a removal order and could not adjust status for several years. The existence of a removal order (particularly a nonfinal one) does not obviate the IJ's obligation to make an individualized determination. The IJ also mentions in passing that that Petitioner is a "very recent entry" but does not address any of Petitioner's evidence, including his SIJ status or stable residence, and it is unclear whether she considered this evidence at all prior to her perfunctory ruling. Lower courts have held that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances. *See Wilkins v. Doll*, No. 1:17–cv–02354, 2018 WL 3388032, at *3 (M.D. Pa. July 12, 2018); *Geincharles v. Benzel*, No. 26-cv-06376-ESK, 2026 WL 2149720, at *2 (D.N.J. Jul. 27, 2026); *see also Segura Serrano v. Scott*, No. 2:26–cv–01268, 2026 WL 1674357, at *8 (W.D. Wash. May 26, 2026) ("the fact of a removal order—or the lack of potential forms of relief for a potential future removal order—is not sufficient by itself to deny bond or establish flight risk." (cleaned up)); *Rosales v. Simon*, No. 1:26–cv–00086, 2026 WL 688858, at *5 (E.D. Va. Mar. 11, 2026) ("[A]n individual's bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." (internal quotation marks omitted)). That is what occurred here. The Court finds that Petitioner's bond hearing violated due process because the IJ conflated his removal order with flight risk and did not conduct an individualized determination of his interests or assess whether any of the evidence he presented ameliorated the risk of flight.

And, for the following reasons, the Court will order Petitioner's release rather than order a new bond hearing. When Petitioner was initially detained, this Court ordered a bond hearing in

---

moments before and found flight risk using narrow and predictable language without considering individual circumstances. (ECF No. 11-3, Housman Decl. at ¶¶ 19-26.)

an abundance of caution to provide Respondents with the opportunity to correct the violation of Petitioner's due process rights. Since that time, Courts across this District and the country have addressed a flood of petitions filed by noncitizens who were swept up and improperly detained under Section 1225(b), and many District Courts, including this one, determined that release was the appropriate remedy for that violation where the petitioner did not have a criminal history or had otherwise lived peaceably prior to his or her detention. In doing so, these District Courts refused the invitation to fix the government's unlawful detention by converting it to a "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026) (granting petitioner's habeas petition and ordering his release based on respondents' flawed application of § 1225(b)(2)); *see also Murillo-Castillo v. Florentino*, No. 25-16728, 2026 WL 1383062, at *5 (D.N.J. May 18, 2026) (same). Based on this reasoning, this Court has also ordered the release of a petitioner who received a constitutionally inadequate bond hearing. *See Altamirano v. Cabezas*, No. 26-1168, 2026 WL 867135, at *4 (D.N.J. Mar. 25, 2026).

On August 28, 2026, the Third Circuit joined the majority of circuit courts and held that noncitizens who entered the United States without admission or inspection and are later arrested in the interior of the country may not be detained without bond under Section 1225(b)(2), *see Buele Morocho v. Warden Philadelphia FDC*, --- F.4th ---, ---, 2026 WL 2546223, at *2-10 (3d Cir. Aug. 28, 2026). Notably, the Third Circuit held that such detention violated the due process rights of two petitioners who had lived in the United States for an extended period with no criminal records and affirmed their release. *Id.* at 9-10.

Here, Petitioner has lived in the United States for over three years with no criminal history and was granted SIJ status by our government, which provides him a pathway to lawful status.

Having initially ordered the bond hearing in an abundance of caution and having found that Petitioner was not provided a fair hearing, the Court orders Respondents to release him within 24 hours and file a letter within three days confirming his release and requesting to close this case.

**IT IS** on this 30th day of September 2026,

**ORDERED** that this matter shall be marked **OPEN**; and it is further

**ORDERED** that Petitioner's Motion to Enforce (ECF No. 11) is **GRANTED**; and it is further

**ORDERED** that Respondents shall release Petitioner within 24 hours; and it is further

**ORDERED** that within three days, Respondents shall file a letter confirming Petitioner's release and request to close this matter.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**